**Mandel Brothers, Appellant, v. D. E. Mulvey, Appellee.**

**Gen. No. 27,948.**

1. TRIAL—*order of proof not changed where affirmative defense filed.* It was not error for the trial court to order plaintiff to proceed with proof of its case in an action for the price of goods sold where defendant had set up an affirmative defense, since the burden of proof was on plaintiff and if it desired to rest on the prima facie case made out by the pleadings. it should have called the court's attention to allegations and admissions therein, instead of proceeding with its case, followed by defendant's case in the usual order.

2. SALES—*implication of warranty of fitness .from buyer's reliance on seller's skill or judgment.* There is an implied warranty that an overcoat is reasonably fit for the purposes for which such a garment is generally used, within the meaning of the Uniform Sales Act, sec. 15, Cahill's Rev. St. ch. 121a, providing for such warranty, where the buyer makes known the purpose for which the goods are required and relies upon the seller's skill or judgment, where the evidence shows that the buyer was induced by the seller's clerk to buy the overcoat in question by representations that it was of unusual quality and would wear for three or four years.

Mandel Brothers v. Mulvey, 230 Ill. App. 588.

3. SALES—*when breach of implied warranty of fitness shown.* In an action for the price of an overcoat sold with an implied warranty of fitness for the usual purposes for which an overcoat is used, breach of such warranty is shown by evidence that within sixty days after it was purchased it had worn through and was totally unfit for wear and a judgment for defendant was proper.

4. SALES—*sixty days as reasonable time for return of defective garment by buyer.* A defective overcoat sold with an implied warranty of fitness is returned within a reasonable time when returned within sixty days after its purchase.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. THOMAS J. LYNCH, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Affirmed. Opinion filed October 17, 1923.

ALBERT S. LOUER and MERGENTHEIM, ALTHEIMER & MAYER, for appellant; GROVER C. McLAREN, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

The plaintiff, Mandel Brothers, having brought suit in the circuit court against Mulvey, the defendant, for $75, the price of an overcoat which it sold to him, and there having been a trial before the court and jury and a judgment in favor of the defendant, brings this appeal.

It was admitted that the overcoat was bought by the defendant from the plaintiff some time in November, 1918; that he returned it in about sixty days and complained about it, and that he was charged $75 for it. The chief controversy is concerning the quality of the coat and as to what was said at the time it was purchased. The coat itself was offered in evidence.

Mulvey, the defendant, testified that in November, 1918, he went with a friend named Biby to the plain-tiff's and bought the overcoat; that one Day, a salesman for the plaintiff, said he had just the right over-

coat for him if he would go as high as $75; that he showed him the one he finally bought and said: "Here is a rough worsted coat that will wear you for three years," "You will wear this coat, Mulvey, in three years from to-day it will look as well as you are taking it out of here"; that Mulvey said to Day, "I know this goods, suppose I get out of here and this coat falls to pieces, I am up against it for an overcoat"; that Day said, "Well, to show you I know what I am talking about, don't pay for the coat now, open an account here;" that although he (the plaintiff) had the money with him, he opened an account, and took the overcoat with him; that in thirty or sixty days the lint started to fall off the coat and the edges wore off; that it broke open in places; that he took it back and the salesman said that that would not happen once in a hundred times with that goods; that another coat of similar material would probably have lasted three or four years "like steel"; that the salesman said they would "make good" and took him to the manager, who said the same thing; but shortly afterwards, after telephoning to the concern they bought the coat from, the manager said that he did not know what they could do, and asked him to leave the overcoat and they would see what they could do; that he went downstairs and bought another overcoat and paid $37.50 cash for it; that he left the other one with them. On cross-examination he testified that in another month it would have broken in three or four places.

The evidence of Day, the salesman who sold the overcoat, is to the effect that the coat he sold was made of "O'Brien Cheviot" cloth; that he sold it in November, 1918, and he saw it again in January, 1919; that then it was worn off at the sleeve and had a hole in it. On cross-examination he denied having told the defendant that if it was not satisfactory within four months he might bring it back. One Lynch, a buyer

for the plaintiff, testified that he examined the overcoat, and there was nothing wrong with the fabric; that the opening in the fabric was caused by wear or tear. When shown the edge of a pocket, he said that the nap had just worn off, but admitted that in one place the coat was worn through.

One Engstrom, manager for the adjustment bureau of the plaintiff, testified that he examined defendant's overcoat when it was brought back, and told the defendant that the plaintiff could do nothing for him as its condition had been brought about by wear.

The abstract recites that the court instructed the jury, but does not show what instructions were given. No brief has been filed by the appellee.

(1) It is contended for the plaintiff that it was error for the trial judge to order the plaintiff to proceed with proof as the defendant had set up an affirmative defense. The plaintiff had the burden of proof. That never shifts. If it desired to rest upon the prima facie case made out by the pleadings, it might have done so by calling the court's attention to the allegations and admissions. Not doing so, and going on, and then the defendant offering his proof, no error was committed. Whenever the plaintiff rested, the defendant was entitled to begin his defense, whether affirmative or negative, by introducing evidence. The proceeding was entirely regular. *Mueller v. Rebhan,* 94 Ill. 142.

(2) It is contended that there was neither an implied nor an express warranty. Section 15 of the Uniform Sales Act, ch. 121a, Cahill's Rev. St., recites that: "(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies upon the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose. *   *   *''

It follows, therefore, that inasmuch as the defendant made known to the plaintiff the particular purpose for which the goods were required and relied upon the seller's judgment, there was an implied warranty that the overcoat should be reasonably fit for the purpose for which such a garment is generally used. In our opinion section 15 modifies the common-law principle of *caveat emptor*. The jury were evidently of the opinion that there was a breach of the implied warranty and that the plaintiff had sold and delivered to the defendant an inferior overcoat, one that was not reasonably fit for the purpose for which it was known to have been bought.

It is our opinion that an examination of the overcoat as it appears before us as an exhibit, together with the other evidence, fully justifies the jury in that conclusion; and, although the defendant would have been entitled to recoupment for the difference in value between the coat in question and one that was fit for the purpose of an overcoat, yet, as the condition of the overcoat when it was returned was such that it may be considered as totally unfit for wear and therefore a total loss, it follows that the measure of damages in this cause is the price which the plaintiff charged for the overcoat. Under the circumstances we do not feel justified in overriding the judgment of the jury.

(3) It is contended that the overcoat was not returned within a reasonable time. It was returned, at most, within sixty days. We do not think that, under the circumstances, the time was unreasonable.

The judgment will be affirmed.

*Affirmed.*

O'CONNOR, J., and THOMSON, J., concur.